E-filing

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name  EVINS          GLYNNON            S.
      (Last)          (First)         (Initial)

Prisoner Number  D-24948

Institutional Address  P.O. Box 689, GW-350L, Soledad, CA 93960-0689

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

GLYNNON EVINS,
_____
(Enter the full name of plaintiff in this action.)

vs.

BEN CURRY, Warden (a),
_____
ARNOLD SCHWARZENEGGER, Governor
_____

_____

_____
(Enter the full name of respondent(s) or jailor in this action)

Case No.  CV 07 6131 JF (PR)
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

**Read Comments Carefully Before Filling In**

<u>When and Where to File</u>

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS           - 1 -

<u>Who to Name as Respondent</u>

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

   (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):
   
   <u>FRESNO COUNTY SUPERIOR COURT</u>    <u>FRESNO, CALIFORNIA</u>
   Court                                  Location

   (b) Case number, if known  <u>335276-2</u>

   (c) Date and terms of sentence  <u>February 26, 1986, 17-life,</u>

   (d) Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)   Yes <u>X</u>   No ____

   Where?

   Name of Institution: <u>Correctional Training Facility</u>

   Address: <u>P.O. Box 689, G-350L, Soledad, Ca 93960</u>

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>Second degree murder, w/use of firearm</u>

<u>Penal Code §§ 187, 12022.5</u>

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

| | | |
|---|---|---|
| Arraignment: | Yes _X_ | No ___ |
| Preliminary Hearing: | Yes _X_ | No ___ |
| Motion to Suppress: | Yes _X_ | No ___ |

4. How did you plead?

Guilty ___   Not Guilty _X_   Nolo Contendere ___

Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

Jury _X_   Judge alone ___   Judge alone on a transcript ___

6. Did you testify at your trial?   Yes _X_   No ___

7. Did you have an attorney at the following proceedings:

| | | | |
|---|---|---|---|
| (a) | Arraignment | Yes _X_ | No ___ |
| (b) | Preliminary hearing | Yes _X_ | No ___ |
| (c) | Time of plea | Yes _X_ | No ___ |
| (d) | Trial | Yes _X_ | No ___ |
| (e) | Sentencing | Yes _X_ | No ___ |
| (f) | Appeal | Yes _X_ | No ___ |
| (g) | Other post-conviction proceeding | Yes ___ | No ___ |

8. Did you appeal your conviction?   Yes _X_   No ___

(a) If you did, to what court(s) did you appeal?

Court of Appeal   Yes _X_   No ___

Year: _unknown_   Result: _conviction affirmed_

Supreme Court of California   Yes ___   No _X_

Year: _____   Result: _____

Any other court   Yes ___   No _X_

Year: _____   Result: _____

(b) If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

```
```

      petition?      Yes _____  No _X_

(c) Was there an opinion?  N/A  Yes _____  No _____

(d) Did you seek permission to file a late appeal under Rule 31(a)?

      N/A  Yes _____  No _____

If you did, give the name of the court and the result:

_____N/A_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?  Yes _____  No _X_

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

  I.  Name of Court: _Superior Court of California, Fresno County_

      Type of Proceeding: _Writ of Habeas Corpus_

      Grounds raised (Be brief but specific):

      a. _Governor's reversal of parole grant violated due process_

      b. _Ex post facto violation by P.C. § 3041.2_

      c. _____

      d. _____

      Result: _Petition denied_  Date of Result: _10/11/06_

  II.  Name of Court: _Court of Appeal_

      Type of Proceeding: _Habeas Corpus petition_

      Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS    - 4 -

| | | |
|---|---|---|
|1| | a. Same as II above |
|2| | b. |
|3| | c. |
|4| | d. |
|5| | Result: Petition denied       Date of Result: 12/7/06 |
|6| III. | Name of Court: California Supreme Court |
|7| | Type of Proceeding: Petiton for Review |
|8| | Grounds raised (Be brief but specific): |
|9| | a. Governor abuse of discretion |
|10| | b. Violation of Due Process |
|11| | c. |
|12| | d. |
|13| | Result: Petition denied       Date of Result: 2/28/07 |
|14| IV. | Name of Court: N/A |
|15| | Type of Proceeding: |
|16| | Grounds raised (Be brief but specific): |
|17| | a. |
|18| | b. |
|19| | c. |
|20| | d. |
|21| | Result:         Date of Result: |

22  (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                         Yes  X    No____

24       Name and location of court: United States District Court, Eastern Dist.
                                       (See page 8)
25  B. GROUNDS FOR RELIEF

26       State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1 | need more space. Answer the same questions for each claim.

2 | [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3 | petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4 | 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5 | Claim One: PETITIONER WAS DEPRIVED ON PAROLE, A PROTECTED LIBERTY
6 | INTEREST, IN VIOLATION OF SUPREME COURT AUTHOURITY, AND DUE PROCESS.
7 | Supporting Facts: The Governor reversed Petitioner's grant of suitability
8 | of parole, without "some evidence demonstrating current threat to public
9 | safety or an unreasonable risk to public safety. (Continued on Page 8.)

10 |
11 | Claim Two:
12 |
13 | Supporting Facts:
14 |
15 |
16 |
17 | Claim Three:
18 |
19 | Supporting Facts:
20 |
21 |
22 |
23 | If any of these grounds was not previously presented to any other court, state briefly which
24 | grounds were not presented and why:
25 | This claim has been exhausted.
26 |
27 |
28 |

PET. FOR WRIT OF HAB. CORPUS       - 6 -

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:

    See attached Argument to Claim 1

7  Do you have an attorney for this petition?                    Yes____    No__X__

8  If you do, give the name and address of your attorney:

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

13  Executed on ___September___                    _D. Lymmon Evins_
14          Date                                    Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

Petitioner alleges the Governor's stated reason for denial of parole does not satisfy federal law requirements Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003): Iron v. Cary, 479 F. 3d 658 (9th Cir. 2007) [interpreting federal due process requirements as set forth by Greenholtz v. Inmate of Nebraska Penal, 442 U.S. 1. (1979), Board of Pardon v. Allen, 482 U.S. 369 (1987) and Superintendent v. Hill, 472 U.S. 445, (1985).] [This is the second time Governor Schwarzenegger has reversed the Board's decision granting Petitioner parole. A petition has previously been filed challenging the first reversal. It is submitted and waiting a decision in the United States District Court, Eastern District of California. Glynnon Evins v. A.P. Kane, Case No. 2:05-CV-02224-RRB-DAD. Petitioner now files this petition in the correct courts. Davenport Recycling Associates v. C.I.R., 220 F.3d 1255.

**ARGUMENT**

The facts of this case that Petitioner and a friend went to a drug house to collect some money owed petitioner; Some of which Petitioner intended to loan his friend for the purchase of a motorcyle. There was also the possibility that a person that has previously robbed him at gunpoint was there, and that Petitioner might recoup what he had been robbed of. Walking into the house and into the bedroom of the person owing the money, the victim suddenly sat up in the darkened room, startling Petitioner, who reactively ("accidently") fired his weapon. Petitioner was heard to ask the victim if he was hit in a concerned manner, before running away.

While the Governor claimed that the offense "was an especially heinous on because it was carried out in a manner demonstrating callous disregard for human suffering and life," California case law, informing what kind of facts must be involved to constitute "some evidence", has explained that for that factor or characterization to apply, the offense must have been

committed in a more aggravated or violent manner than that ordinarily shown in the commission of second degree murder. See In re Dannenberg, 34 Cal. 4th 1061, 1095 (2005).

The "some evidence" standard does not permit the court to "reweigh the evidence." Powell v. Gomez, 33 F. 3d 39, 42. (9th Cir. 1994). Instead, the inquiry is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56. Also requires that the some evidence underlying the parole board's decision have some indicia of reliability Biggs, 334 F. 3d at 915; McQuillion, 306 F. 3d at 904.

California prescribes indeterminate sentences for non- capital murders: 25 years to life for first degree murder and 15 years to life for second degree murder. Cal. Penal Code § 190. One year prior to the expiration of a prisoner's minimum sentence, a BPT panel meets with the inmate and "set[s] a release date unless it determines that the gravity of current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy incarceration." Cal. Penal Code 3041 (a). Regardless of the length of time served, "a lifer prisoner shall be found unsuitable for and denied parole if in the judgement of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." 15 Cal. Code of Regs. 2402 (a). In re Gray, (2007) 151 Cal. App. 4th 374; (See In re Dannenberg, (2005) 34 Cal. 4th 1061, 1095; Hill, 472 U.S. at 455 (quoting Wolff 418 U.S. at 558).

Petitioner has also served an extended period of incarceration with no evidence supporting the conclusion that his release would endanger public safety. In re Lee, (2006) 143 Cal. App. 4th 1400; Rosenkrantz v. Marshall, 444 F. Supp. 2d 1083-1087 (C.D. Cal. 2007) Brown v. Kane, 2007 WL 288448 at

1 | * 6-7 (N.D. Cal. 2007) See also <u>Sanchez v. Kane,</u> supra, 444 F. Supp. 2d at 1061-1062.

The mandatory language in section 3041 of the Penal Code, established a rebuttable presumption affecting both the Governor's burden of producing evidence and the burden of proof implementing public policy regarding the parole of term to life prisoner's.

Petitioner asserts that the ultimate facts sought is a determination whether the prisoner is currently an "unreasonable risk" of danger to the public safety if released on parole. (Subd. (b), Penal Code § 3041; Cal. Code of Reg, tit. 15. § 2402 (a)

The presumption created by mandatory language in both subdivision (a) and (b) of section 3041 is that petitioner "shall normally" have a parole release date set "unless" the presumption is overcome by the Governor which carries the burden of proof as to the existence of the presumed fact <u>Dubon</u>, <u>supra</u> at 952; <u>McQuillion v. Duncan,</u> 306 F.3d 901-910 (9th Cir. 2002); <u>Biggs v. Terhune</u>, 334 F. ed 910, 916-917 (9th Cir. 2003) (regarding the presumption of Penal Code §3041). if the Governor cannot produce the evidence according to the burden of proof required, the the presumption, stands, and <u>the court</u> is obliged to uphold the presumption, and under <u>In re Smith,</u> 109 Cal. App. 4th 489 (2003), must order petitioner released from custody.

The Governor relied on statements made by Petitioner for many years that the gun went off accidently" and that his "story had changed quite a bit over the years." Even if it were true, this reason would not support a conclusion that therefore Petitioner's release would unreasonably endanger public safety. However a careful review of the record will demonstrate that Petitioner has always told the same account of the facts.

The commitment offense can negate suitability only if circumstances of

11.

the crime reliably establish by evidence in the record rationally indicate that the offender will present an unreasonable public safety risk if released from prison. (Petitioner's application for parole was closely scrutinized by the Board and it was concluded by two seperate panels that Petitioner was "no longer a danger to the community'). Yet, the predictive value of the commitment offense may be very questionable after a long period of time (Iron v. Warden of California State Prison - Solano, E.D. Cal. 2005.) 358 F. Supp. 2d 936, 947, fn. 2). Thus, denial of release solely on the basis of the gravity of the commitment offense warrants especially close scrutiny. "[T]he gravity of the commitment offense or offenses alone may be a sufficient basis for denying a parole application, so long as the Board does not fail to consider all other relevant factors (In re Ramirez, supra, 94 Cal. App. 4th at p. 569, 114 Cal. Rptr. 3d 381; accord Rosenkrantz, supra, 29 Cal. 4th at pp. 660, 677., Scott I supra, 119 Cal. App. 4th at p. 891, 15 Cal. Rptr. 3d 32). The Governor who is subject to the same requirement, did not fulfill it in this case.

## CONCLUSION

In a recent decision another district court stated: "The court must consider that at some point after an inmate has served his minimum sentence the probative value of his commitment offense as an indicator of "unreasonable risk of danger to society" recedes below the "some evidence" required by due process to support a denial of parole. See Irons, 479 F. 3d at 665. A decision to revoke parole based solely on an inmate's commitment offense would be arbitrary and not comport with the "some evidence" standard. See Hill, 472 U.S. at 445-55, 457. This is one of those cases. "Brown v. Kane, 2007 WL 1288448 (N.D. Cal.) page 6.

Petitioner submits that this case is also "one of those cases". Because Petitioner has served 5 years over the minimum time he was sentenced to,

without credit, and the evidence show Petitioner is rehabilitated with no evidence to the contrary, the state court decision were an unreasonable application of Hill, and were "otherwise arbitrary." Petitioner requests that he be ordered released forthwith from now unlawful custody.

Date: 11/12/07

Glynnor, Evins   D-24948

Glynnon Evins D-24948
Post Box 689 GW-350L
Soledad, California 93960-0689

November 11, 2007

Sonya Gueretta
Financial Technician
Office of the Clerk
Northern District of California

Dear Madam;

   I am writing on behalf of Louis J Lennard, to whom has received a return check from your office in the amount of $5.00; However because of my current situation of incarceration. I filed a Petition of Habeas Corpus In Pro-se to the Northern District that required a prisoner's Application to proceed in forma pauperis.

Due to the institutions negligence with the process of out going legal mail. I requested the assistance of Louis Lennard, to forwarding payment for being able to proceed without being required to prepay the full amount, because of my poverty of incarceration.

I request notification to whether your office has received payment for my petition by the institution and a filing date to when my petition was received. If there's no petition on filed in name of <u>Glynnon Evins, D-24948,</u> I will submit immediately.

I sincerely hope that you will address this matter as soon as possible.

Thank you for your time and consideration.

Sincerely Submitted,

Glynnon Evins
In Pro Se

RECEIVED
07 NOV 15 PM 1:48
FINANCIAL (illegible)
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CA.

```
DUPLICATE

Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611013118
Cashier ID: bucklem
Transaction Date: 12/04/2007
Payer Name: louis j lennard
-----------------------------------------
WRIT OF HABEAS CORPUS
 For: glynnon evins
 Amount:         $5.00
-----------------------------------------
CHECK
 Check/Money Order Num: 2678
 Amt Tendered: $5.00
-----------------------------------------
Total Due:       $5.00
Total Tendered: $5.00
Change Amt:     $0.00

c07-6131jf


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```



Office of The Clerk, US District
Northern District of Ca
450 Golden Gate Ave
San Francisco, California

Hymon Evins
D-24948
P.O.BOX 689-G-350L

**LEGAL MAIL**