NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLYNNON EVINS, ) | No. C 07-6131 JF (PR) |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE |
| ) | |
| vs. ) | |
| ) | |
| BEN CURRY, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole by the Governor of California ("Governor"). Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1986, Petitioner was sentenced to a term of 17 years to life in state prison after his conviction for second degree murder in Fresno County Superior Court. The Board of Parole Hearings ("Board") found Petitioner suitable for parole for a second time, and, for

a second time, the Governor reversed that decision and denied parole.[1]  Petitioner sought habeas relief in the state superior court, state appellate court, and state supreme court, all of which were denied.  Thereafter, Petitioner filed the instant federal petition.

## DISCUSSION

A.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

B.    Petitioner's Claim

As grounds for federal habeas relief, Petitioner alleges that the Governor's decision violated his right to due process because it is not based on some evidence.  Liberally construed, Petitioner's claim is cognizable under § 2254.   The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## CONCLUSION

1.    The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.    Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

---

[1] Petitioner's challenge to the Governor's first reversal of the Board's decision is currently proceeding in the Eastern District of California, Case No. 05-cv-02224-RRB-DAD.

1  not be granted. Respondent shall file with the answer and serve on Petitioner a copy of
2  all portions of the state parole record that have been transcribed previously and that are
3  relevant to a determination of the issues presented by the petition.

4      If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
5  with the Court and serving it on Respondent within **thirty days** of his receipt of the
6  answer.

7      3. Respondent may file a motion to dismiss on procedural grounds in lieu of
8  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
9  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
10 with the Court and serve on Respondent an opposition or statement of non-opposition
11 within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
12 serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

13     4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
14 that all communications with the Court must be served on respondent by mailing a true
15 copy of the document to Respondent's counsel. Petitioner must keep the Court and all
16 parties informed of any change of address by filing a separate paper captioned "Notice of
17 Change of Address." He must comply with the Court's orders in a timely fashion.
18 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
19 to Federal Rule of Civil Procedure 41(b).

20     IT IS SO ORDERED.
21 DATED: 5/2/08
22                          JEREMY FOGEL
                            United States District Judge

Order to Show Cause
G:\PRO-SE\SJ.Jf\HC.07\Evins131oscparole.wpd