# EXHIBIT C

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

**S148964**

In re:                                ) No._____
                                      )
   GLYNNON EVINS,                     )
                                      ) Court of Appeal No. F051670
        Petitioner,                )
                                      )
        On Habeas Corpus.          )
                                      )

PETITION FOR REVIEW

After Decision by the Court of Appeal
Fifth Appellate District
Filed December 7, 2006.

SUPREME COURT
FILED
DEC 20 2006
Frederick K. Ohlrich Clerk
_____
                Deputy

RECEIVED
DEC 20 2006
CLERK SUPREME COURT

Glynnon Evins, D-24948
In Pro Per

P.O. Box 689, F-316L
Soledad, CA 93960-0689

TABLE OF CONTENTS

| | |
|---|---:|
| TABLE OF AUTHORITIES | ii |
| QUESTIONS PRESENTED | 1 |
| NECESSITY FOR REVIEW | 2 |
| ARGUMENTS/MEMORANDUM OF POINTS AND AUTHORITIES | 3 |
| CONCLUSION | 6 |
| EXHIBIT A -- COURT OF APPEAL ORDER | |

TABLE OF AUTHORITIES

STATE CASES                                                                 PAGE

In re Dannenberg
    34 Cal.4th 1061 (2005)                                              2

In re Rodriguez
    14 Cal.3d 639 (1975)                                                5, 6

In re Scott
    119 Cal.App.4th 871 (2004)                                          3

In re Scott
    34 Cal.Rptr.3d 905 (2005)                                           2

In re Wen Lee
    143 Cal.App.4th (2006)                                              2, 5

FEDERAL CASES

Biggs v. Terhune
    334 F.3d 910 (9th Cir. 2003)                                        4

Garner v. Jones
    529 U.S. 244 (2000)                                                 5

Irons v. Warden
    358 F.Supp.2d 936 (E.D.Cal. 2006)                                   4

Martin v. Marshall
    431 F.Supp.2d 1038 ((N.D.Cal. 2006)                                 6

Minnesota v. Probate Court
    309 U.S. 270 (1940)                                                 5

Sanchez v. Kane
    444 F.Supp.2d 1049 (C.D.Cal. 2006)                                  4

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>GLYNNON EVINS,<br><br>    Petitioner,<br><br>On Habeas Corpus. | No._____<br><br>Court of Appeal No. F051670 |

## PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE, AND TO THE HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE OF CALIFORNIA:

Petitioner Glynnon Evins hereby petitions this Court for review following the decision of the Court of Appeal, Fifth Appellate District, filed December 7, 2006, denying the Petition for Writ of Habeas Corpus. A copy of the decision is attached hereto as Exhibit A.

### QUESTIONS PRESENTED

1. Did the Governor abuse his discretion and authority by reversing the Board of Parole Hearings' decision for the following reasons:

   a. "The second degree murder for which he was convicted was an especially heinous one because it was carried out in a manner demonstrating callous disregard for human suffering and life."

   b. "Further, there is evidence in the record before me that this murder involved some level of premeditation."

   c. That Petitioner "maintained for many years that the gun went off accidently" and his "story has changed quite a bit over the years."

   d. The District Attorney's opposition.

2. Does the Governor's repeated reversal of the Board's decision violate Petitioner's right to due process because the reasons are not supported

1

by the record, and effectively resentence Petitioner.

3. Does the Governor's decision violate Petitioner's due process because there is no evidence that indicates Petitioner's release unreasonably endangers public safety?

## NECESSITY FOR REVIEW

The Governor previously reversed the Board of Parole Hearings' February 11, 2004, grant of parole. On January 4, 2006, a second panel determined that Petitioner was suitable for parole. On June 2, 2006, the Governor again reversed the Board for the reasons previously noted.

There is no evidence that Petitioner committed his offense in an "especially heinous" manner "demonstrating callous disregard for human suffering and life." In re Scott (2005) 34 Cal.Rptr.3d 905, at 921-922, explained that a victim has to have been subjected to the prolonged infliction of pain or torture or suffered gratuitous cruelty for that factor to apply. This Court recently remanded a case to the Second Appellate District Court of Appeal, In re Wen Lee (2006) 143 Cal.App.4th 1400. The court there clarified that "The test is not whether some evidence supports the reasons cited for denying parole but whether some evidence indicates a parolee's release unreasonably endangers public safety." In re Dannenberg (2005) 34 Cal.4th 1061 repeatedly stated that current threat to public safety is required. There is no evidence supporting that conclusion here.

Petitioner's postconviction record is exemplary. Petitioner has complied with all that has been suggested by the Board. Petitioner has served sufficient time if he had been convicted of first degree murder. Like in the case of Robert Rosenkrantz, has that point been reached where Petitioner's due process has been violated?

Review is necessary for uniformity of decision.

MEMORANDUM OF POINTS AND AUTHORITIES

The Governor stated as his reasons for reversing the Board's grant of parole that the offense was especially heinous and demonstrated a callous disregard for human suffering. The fact is that only seconds passed between the time that Petitioner entered the bedroom and shot the victim once in reaction to the victim's sudden sitting up in the darkened bedroom, and then asked if he'd been hit. Petitioner did not fire the weapon again or commit "aggravating facts beyond the minimum elements required to sustain a conviction for the offense." There is no evidence that the offense was especially heinous because that the victim was subjected to prolonged infliction of pain and suffering. He did not inflict prolonged pain and suffering, he did not empty the gun into the victim which would have been the probable action if murder had been intended. Instead, Petitioner fled. All the reasons given by the Governor mischaracterize the facts to justify the reversal. Both the Superior Court and the Court of Appeal failed to apply the principles that have emerged from case law with respect to what the evidence must demonstrate, such as explained by In re Scott (2004) 119 Cal.App.4th 871.

This Court recently denied review of the Los Angeles Superior Court's decision reversing a decision denying Robert Rosenkrantz parole, presumably agreeing with the conclusions of law and fact. Judge David S. Wesley found that the Board's determination that Robert Rosenkrantz posed an unreasonable threat to public safety was not supported by "some evidence." Although here it is the Governor reversing a grant of parole, the Governor is bound by the same considerations and law. Like Rosenkrantz, Petitioner committed his offense in 1986. Although Petitioner had a prior record, the same principle applies that when relying upon the gravity of the commitment

offense or past convicted offenses, a significant factor in making such determinations is the passage of time because "the predictive value of the commitment offense may be very questionable after a long period of time." Irons v. Warden (E.D.Cal. 2005) 358 F.Supp.2d 936, 947. Judge Wesley, quoting Irons, which relied on Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003) and the due process principles set forth by United States Supreme Court precedent, stated: "The court finds that petitioner's continual parole denial have been based mainly on the gravity of the commitment offense, the circumstances of which can never change. Therefore, the Board's sole reliance on the commitment offense will essentially convert petitioner's original sentence of life with the possibility of parole into a sentence of life without the possibility of parole. Petitioner has no chance of obtaining parole unless the Board holds that his crime was not serious enough to warrant a denial of parole." Irons, at 947. Federal due process requirements, like state law, also bind the Governor: "The parole statutes do not vest the Governor with the power to resentence petitioner." Sanchez v. Kane (C.D.Cal. 2006) 444 F.Supp.2d 1049, 1063. One district court judge stated it this way: "In some realistic way, the facts of the unchanged circumstance must indicate a present danger to the community if released, and this can only be assessed not in a vacuum, after four or five eligibility hearings, but counterpoised against the backdrop of prison events." Bair v. Folsom State Prison, 2005 WL 3081634, p. 12, n.3 (E.D.Cal. 2005) (findings and recommendations adopted).

It has become clear that the 1989 addition of Article V, section 8(b) to the California Constitution by initiative, and codified as Penal Code § 3041.2, "created a significant risk of increased punishment" and that, as a practical matter, its "retroactive implementation [has] result[ed]

in a longer period of incarceration than under the previous rule" for Petitioner and the great majority of prisoners found suitable by the Board. Garner v. Jones, 529 U.S. 244, 255 (2000).

In 1975 this Court rejected the presumption that the Adult Authority was administering the law in a constitutional fashion. In re Rodriguez (1975) 14 Cal.3d 639. This Court, citing Minnesota v. Probate Court (1940) 309 U.S. 270, 277, explained that "[T]his court has an obligation, however, to look beyond the facial validity of a statute that is subject to possible unconstitutional administration since a "law though 'fair on its face and impartial in appearance' may be open to serious abuses in administration and courts may be imposed on if the substantial rights of the persone charged are not adequately safeguarded at every stage of the proceedings." Rodriguez, 14 Cal.3d at 649.

While the petitioner in that case had not committed murder, these principles are no less true in these circumstances. It is clear by the many cases where courts have had to intervene and reverse some of the most blatant abuses, Wen Lee being one of the most recent. Penal Code § 3041 states that parole release dates are normally to be set one year prior to the minimum eligible date. Of course, that rarely, if ever, occurs. The suggested matrix terms are brushed aside with the justification that prisoners must first be found suitable. The Board's or Governor's broad discretion is asserted, as is public safety. However, the statistics, certainly well-known to this Court, indicate that recidivism has always been extremely low for prisoners that have served 10 or fifteen years. The 70% recidivism rate is that of determinately sentenced prisoners, most 30 years or younger, who serve a short term and are released without having acquired vocational training or education. Such is not the reality with

"lifers," the great majority who are in their late 30's to 60's and have acquired skills, completed vocational courses, upgraded educationally, grown spiritually and have matured in general. The evidence in this case demonstrates all that, not that Petitioner poses any threat to society. That is presumably why "Age" is a specified factor of suitability.

## CONCLUSION

It is clear that the discretion vested in the Governor is routinely abused in the name of public safety. Penal Code § 3041.2 converted parole decisions into political decisions, and converted the process into a sham. The affect of the constitutional amendment has been to allow almost unfettered violation of due process, standing on the pretext of public safety. At least one federal court has agrees. Martin v. Marshall (N.D.Cal 2006) 431 F.Supp.2d 1038 (Memorandum & Order, July 21, 2006).

While there have been a handful of cases where the Governor's decisions have been reversed, most prisoners cannot afford expensive attorneys to competently challenge the Board's and Governor's routine denials. Many illiterate, indigent or otherwise powerless prisoners are unable to appeal. Prisoners are prohibited from receiving compensation for helping other inmates, and few are willing to invest the time into humanitarian efforts. Most prisoners are without adequate resources and are thus effectively denied access to the courts. In this case the petitioner is fortunate to have found assistance. It is the obligation of this Court "to assure that the Indeterminate Sentence Law is properly administered," which is "not limited to considerations of procedural due process alone." Rodriguez, 14 Cal.3d at 649.

There is no evidence that supports the conclusion that Petitioner poses an unreasonable threat to public safety now, 20 years after the

1  offense. What the evidence does demonstrate is that Petitioner has served
2  sufficient time to have been eligible for parole if he had been convicted
3  of first degree murder, and four years beyond. Like Robert Rosenkrantz,
4  Wen Lee, George Scott, Ernest Smith, Edward Ramirez and others, Petitioner's
5  due process rights have been violated repeatedly.
6      Petitioner prays that review be granted and this petition considered.

8  Date:   December 15, 2006.                    Respectfully submitted,

10                                               *[signature: Glynnon Evins]*
11                                               Glynnon Evins, In Pro Per.
12  ///
13  ///
14  ///
15  ///
16  ///

7

# EXHIBIT "A"

IN THE

# Court of Appeal of the State of California

IN AND FOR THE

## Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

DEC 7 2006

LEISA V. BIGGERS, CLERK/ADMINISTRATOR
By_____ Deputy

|  |  |
|---|---|
| In re<br><br>GLYNNON EVINS,<br><br>On Habeas Corpus. | F051670 |

BY THE COURT*:

The "Petition For Writ Of Habeas Corpus," filed in this court on November 21, 2006, is denied.

_____ P.J.

*Before Ardaiz, P.J., Gomes, J., and Hill, J.

PROOF OF SERVICE
(C.C.P. §§ 1013A, 2015.5)

STATE OF CALIFORNIA   )
                      )
COUNTY OF MONTEREY    )

    I, Leopoldo C. Garcia, am over the age of 18 years and am not a party to the within action. My residence address is the Correctional Training Facility, Post Office Box 689, Soledad, California.

    On December 17, 2006, I served by "Mailbox Rule," the following:

PETITION FOR REVIEW, In re Glynnon Evins,

on the below listed parties by placing a true copy thereof enclosed in a sealed envelope with postage fully prepaid attached thereto and handed to an authorized correctional officer who signed and dated each envelope and placed them in the United States Mailbox provided by the institution. The envelopes were addressed as follows:

| | |
|---|---|
| Clerk of the Court<br>Fifth Appellate District<br>2525 Capitol Street<br>Fresno, CA 93721 | Office of the Attorney General<br>State of California<br>455 Golden Gate Ave,. Suite 11000<br>San Francisco, CA 94102-7004 |

    There is regular delivery service by the United States Postal Service between place of Mailing and the places so addressed.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this 17th day of December, 2006.

                                                       /s/ Leopoldo C. Garcia
                                                       Declarant