NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLYNNON EVINS, | No. C 07-06131 JF (PR) |
| Petitioner, | ORDER GRANTING MOTION TO DISMISS |
| vs. | |
| BEN CURRY, Warden, | |
| Respondents. | (Docket No. 6) |

Petitioner, a state prisoner proceeding <u>pro se</u>, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Governor's reversal of the Board of Parole Hearings' ("Board") decision to grant parole. Respondent has moved to dismiss the petition as untimely (Docket No. 6). Petitioner did not file opposition. For the reasons discussed below, the Court grants Respondent's motion to dismiss the petition as untimely.

**BACKGROUND**

In 1986, Petitioner was sentenced to a term of 17 years to life in state prison after his conviction for second degree murder in Fresno County Superior Court. The Board

1  found Petitioner suitable for parole for a second time, and, for a second time, the
2  Governor reversed that decision and denied parole.  Petitioner sought habeas relief in the
3  state superior court, state appellate court, and state supreme court, all of which were
4  denied.  Thereafter, Petitioner filed the instant federal petition.

## DISCUSSION

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post- conviction or other collateral review is pending is excluded from the one-year time limit.  Id. § 2244(d)(2).

When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), *i.e.*, it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in parole cases that usually will be the date the parole denial became final.  See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole).  Respondent contends the denial of parole became final on June 2, 2006, when Petitioner received the

1  Governor's decision to reverse the Board's grant of parole.  (Resp't Mot. Ex. A.)  There is
2  nothing in the record to dispute this.  Respondent argues that the statue of limitations ran
3  for 118 days from the date of the Governor's decision until Petitioner filed a petition in
4  state superior court on September 28, 2006.  (Id., Ex. B.)  Respondent does not dispute
5  that the limitations period was tolled until the California Supreme Court denied the
6  petition on February 28, 2007.  (Id., Ex. C.)  Respondent contends that the limitation
7  period ran thereafter for 257 days until November 12, 2007, when Petitioner filed the
8  instant federal petition.  (Pet.)  The sum of the untolled days (118 + 257 = 375) exceeds
9  the one year limitation period by ten days (375 - 365 = 10).  Therefore, Respondent
10 concludes that the petition was filed ten days after the one-year statute of limitations had
11 expired.

12      Petitioner's federal petition had to be filed within one year from the date that the
13 factual predicate of the claim could have been discovered through the exercise of due
14 diligence, *i.e.*, no later than June 2, 2007.  The limitations period ran for 118 days until
15 Petitioner filed his first state petition on September 28, 2006, and was tolled until the state
16 high court denied review on February 28, 2007.  Thereafter, Petitioner had 247 days
17 remaining on the limitation period such that he had until November 2, 2007 to file a
18 timely federal habeas petition.  Petitioner filed the instant petition on November 12, 2007,
19 after the statute of limitations had expired.  Accordingly, the instant second federal
20 petition is untimely.

## CONCLUSION

23  For the foregoing reasons, Respondent's motion to dismiss the petition as untimely
24 (Docket No. 6) is GRANTED.

25      IT IS SO ORDERED.
26 DATED: __3/11/09_____          _____
                                            JEREMY FOGEL
27                                          United States District Judge